UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE



Federal Building and United States Post Office         Telephone: (605) 945-4490
225 South Pierre Street, Room 211                              Fax: (605) 945-4491
Pierre, South Dakota 57501-2463

September 2, 2009

John H. Mairose, Esq.
Counsel for Debtor
2640 Jackson Boulevard, Suite 3
Rapid City, South Dakota  57702

    Subject:    *In re Kathleen Louise Hammel*
                        Chapter 13, Bankr. No. 09-50148

Dear Mr. Mairose:

       The matter before the Court is Debtor's Motion for Reconsideration of Order Granting Motion to Modify Stay in Part.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, the motion will be granted in part to clarify the Court's ruling.

       *Summary*.  Debtor filed a chapter 13 case on April 24, 2009.  According to her schedule I, she was married and was receiving a temporary support payment of $1,500 per month (doc. 1, p. 22).  According to her schedules of personal property and property claimed exempt, only $891 remained property of the estate (doc. 1, pp. 9-13).

       While her bankruptcy case was pending, Debtor filed a motion seeking modification of the automatic stay to allow a state court divorce proceeding to continue and to permit the state court to make a "determination of all issues arising therefrom, including division of property and debts [doc. 10]." [1]  On June 5, 2009, this Court modified the stay to permit Debtor to obtain a divorce, but said "to the extent the conditional property distribution order or negotiated property settlement affects *property of the bankruptcy estate*" (emphasis added), it would be subject to notice and approval by this Court.

---

      [1]  The motion should have been served on Debtor's husband and his divorce attorney as parties in interest.  Had that error been caught earlier, additional service would have been required before the original order was entered.

*In re Hammel*
September 2, 2009
Page 2

The administration of Debtor's chapter 13 case continued, and a plan was confirmed August 10, 2009.  According to the plan's liquidation analysis, Debtor had, at the time of confirmation, $1,254 in nonexempt property, but that analysis did not track that Debtor had declared $4,362.93 in personal property exempt under S.D.C.L. § 43-45-4 and no one had timely objected saying she was over her statutory allowance.  Accordingly, nonexempt property of the estate still totals only $891.

Debtor filed a motion to reconsider the June 5, 2009 relief from stay order, saying the state court's divorce proceeding should not be subject to this Court's review.[2]

*Discussion*.  The order will stand as entered with the exception of two changes. *See In re Robert R. and Janet M. Ninas*, Bankr. No. 05-50342, slip op. at 6-7 (Bankr. D.S.D. January 20, 2009) (discussion of a motion for "reconsideration" filed more than ten days after entry of the subject order).  The only aspect of Debtor and her husband's divorce that is not within the state court's jurisdiction is entry of a final disposition regarding the distribution of "property of the estate."  At most, this is $891 in nonexempt wages Debtor had earned pre-petition but had not yet been paid.  To the extent, and only to the extent, any property settlement agreement or property settlement order may attempt to divest Debtor of that $891, the agreement or order remains subject to review as a disposition of property of the estate.  If the $891 is not part of a property division, no further involvement by this Court is necessary.

It is also important to understand the automatic stay never applied to the state court's establishment or modification of a domestic support obligation.  11 U.S.C. § 362(b)(2).  The Court's June 5, 2009 order recognized that as the order imposed the condition of bankruptcy court review only to the extent of a "property distribution order or negotiated property settlement."  Should the $891 be a part of a domestic support order, neither the automatic stay nor the June 5, 2009 order have any impact.

The two changes the Court will make to the June 5, 2009 order are to delete the word "conditional" in lines 11 and 13.  The Court can understand how the placement of "conditional" in those positions could be read to say any property settlement agreement or property settlement order is "conditional."  That was not the Court's intent.  Any property settlement agreement or order is conditional only to the extent it deals with the $891 in property of the estate.

---

[2] As with the relief from stay motion, Debtor's motion to reconsider also should have been served on Debtor's husband and his divorce attorney as parties in interest.

*In re Hammel*
September 2, 2009
Page 3

      An appropriate amended order will be entered.

                                    Sincerely,

                                    Charles L. Nail, Jr.
                                    Bankruptcy Judge

CLN:sh

cc:    case file (docket original; serve parties in interest)

---

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

Kathleen Louise Hammel
P.O. Box 306
Whitewood, SD 57793

PRA Receivables Management, LLC
PO Box 41067
Norfolk, VA 23541

Terral Hammel
Route 1, Box 108
Hot Springs, SD 57747